IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3129 |
| | ) | |
| V. | ) | |
| | ) | |
| STELLA M. LEVEA, | ) | MEMORANDUM |
| JAMES P. MASAT, | ) | AND ORDER |
| KENNETH W. MOTTIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Via a telephone conference, I conferred with all the lawyers on August 28, 2012. This case raises complex sentencing issues and, therefore, a special sentencing schedule is warranted. With the agreement of all counsel,

IT IS ORDERED that:

1. Understanding that the initial presentence report has been submitted to counsel, counsel shall provide written objections to the probation officer **by September 10, 2012.**

2. **By September 17, 2012**, the probation officer shall submit to the judge and counsel the initial or revised presentence report with changes, if any, responsive to counsels' objections, and, if needed, an addendum explaining the probation officer's position regarding any objections to the presentence report previously submitted by counsel.

3. **By September 28, 2012**, counsel shall submit:

(a) Any proposals to the probation office for community service, community confinement, intermittent confinement or home detention;

(b) Motions to the court:

   (1) for <u>departure</u> under the guidelines (including, but not limited to, motions by the government); and

   (2) for <u>deviation or variance</u> from the guidelines as allowed by the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) or its progeny;

(c) Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report.

(d) If evidence is to be offered in support of or in opposition to a motion under subparagraph (b) of this paragraph or in support of or in opposition to an objection under subparagraph (c) of this paragraph, it must be: by affidavit, letter, report or other document <u>attached to the statement</u> of position <u>or</u> by oral testimony at the sentencing hearing. If oral testimony is desired, a <u>request must be made in the statement</u> of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses.

(e) Objections should be supported by a brief if a substantial issue of law is raised. Motions for <u>departure</u> should be supported by a brief that

explains why the departure from the guideline sentencing range is justified by normal guideline departure theory. Motions for <u>deviation</u> or <u>variance</u> from the guidelines as allowed under <u>Booker</u> or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.

(f) It is expected that any objection first raised in a party's statement of position will be addressed at the judge's discretion, and that no consideration will be given to any sentencing factor first raised after the filing of the written statement.

4. **On October 3, 2012**, commencing at 9:00 AM and lasting until 4:30 PM, the undersigned will conduct a unitary evidentiary hearing involving all defendants on the issue of loss and restitution. The government bears the burden of proof on these issues and will go first. After that, the undersigned will hear from the defendants and then the government in rebuttal.

5. **No later than October 9, 2012**, the undersigned will issue tentative findings dealing with the issue of loss and restitution and responding also to other objections or motions submitted by the parties. It will be unnecessary to object to the tentative findings. Any objections to tentative findings will be taken up at sentencing.

6. **On October 17, 2012**, sentencing will be conducted of all defendants and the following schedule will be used:

(a) **The sentencing of Defendants Levea and Masat shall take place between 9:00 AM and 12:00 noon.** Three hours are reserved for an

evidentiary hearing on unresolved objections and motions and the sentencing of Defendants Levea and Masat.

    (b)    **The sentencing of Defendant Mottin will take place at 3:00 PM.** One hour is reserved for an evidentiary hearing on unresolved objections and motions and the sentencing of Defendant Mottin.

7. The Clerk shall provide a copy of this Memorandum to USPO Wendy Koontz and USPO Craig Ford and counsel of record.

DATED this 29th day of August, 2012.

                                        BY THE COURT:

                                        *Richard G. Kopf*
                                        Senior United States District Judge